UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KAWAHN STRACHN,

                     Plaintiff,

   -against-                                     *SUA SPONTE* REPORT AND RECOMMENDATION

KAREEM HARRISON,                             No. 19-CV-07319-KAM-JRC

                     Defendant.
-------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

      Plaintiff Kawahn Strachn ("plaintiff") initiated the instant action *pro se* on December 26, 2019. In his complaint, plaintiff alleged false arrest and constitutional violations under 42 U.S.C. § 1983 against defendants the City of New York ("City") and Officer Kareem Harrison ("defendant Harrison" or "defendant"). *See* Compl., Dkt. 1. On January 17, 2020, plaintiff amended his complaint. *See* Am. Compl., Dkt. 4. On May 19, 2020, the Court granted plaintiff's motion to proceed *in forma pauperis*, dismissed *sua sponte* plaintiff's claims against the City, and directed the United States Marshals Service to serve process on defendant Harrison. *See* Memorandum and Order dated May 19, 2020, Dkt. 5.

      A review of the docket entries indicates that plaintiff has not taken any action in this case since he filed an amended complaint on January 17, 2020 -- more than two years ago. Plaintiff thereafter missed court conferences, and ignored court orders. It appears that plaintiff has abandoned this case and for the reasons set forth below this Court respectfully recommends dismissal of this action for failure to prosecute and failure to comply with court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**Relevant Background**

      On July 14, 2021, defendant Harrison requested a pre-motion conference in connection with his anticipated motion to dismiss. *See* pre-motion conference letter, Dkt. 16. In response to

defendant Harrison's request, on September 27, 2021, the Court scheduled a pre-motion conference for October 26, 2021, and invited plaintiff to file a response to the pre-motion letter by October 19, 2021. *See* Dkt. entry dated September 27, 2021. Defendant's counsel served a copy of the September 27, 2021 Order on plaintiff. *See* Certificate of Service, Dkt. 17. Plaintiff did not file a response to the pre-motion letter.

On October 26, 2021, the Court held a pre-motion conference in connection with defendant Harrison's anticipated motion to dismiss. Despite plaintiff receiving notice of the time and date of the pre-motion conference, and despite attempts by the Court to reach him by telephone at both numbers listed for plaintiff on the docket sheet, plaintiff failed to appear for the conference. *See* Dkt. entry dated October 26, 2021.

In light of plaintiff's absence, the Court rescheduled the pre-motion conference for November 5, 2021 to give plaintiff another opportunity to appear. *See id*. The Court ordered the parties, including plaintiff, to appear for the re-scheduled conference. *See id*. The Court also issued the following warning to plaintiff: "Plaintiff is advised that continued noncompliance may result in the dismissal of the present action for failure to prosecute and failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b)." *Id*. On October 27, 2021, defendant's counsel served a copy of the October 26, 2021 Order on plaintiff at the address listed on the docket. *See* Certificate of Service, Dkt. 18.

On November 5, 2021, the Court held a second pre-motion conference. Plaintiff again failed to appear despite receiving notice of the time and date of the rescheduled conference, and despite attempts by the Court to reach him by telephone at both numbers listed for plaintiff on the docket. *See* Dkt. entry dated November 5, 2021. In light of plaintiff's repeated failure to appear for court conferences and disregard for court orders, the Court ordered plaintiff to show cause by November 19, 2021 why his action should not be dismissed for failure to prosecute and

for failure to comply with court orders.  *See id*.  The Court again warned plaintiff that "continued noncompliance will result in the dismissal of the present action for failure to prosecute and failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b)."  *Id*.  On November 9, 2021, defendant's counsel served a copy of the November 5, 2021 Order on plaintiff at the address listed on the docket.  *See* Certificate of Service, Dkt. 19.  Plaintiff failed to respond to the Order to Show Cause.

Despite the Court's Order dated October 26, 2021 and Order to Show Cause dated November 5, 2021 -- both of which included warnings to plaintiff that noncompliance with the court orders would result in dismissal of his action for failure to prosecute and failure to comply with court orders -- plaintiff has not taken any action to prosecute his claims and has not demonstrated any interest in pursuing this action.

## Discussion

"A district court has the inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."  *Stanford v. R.C. Doliner, Inc.*, No. 01-CV-1052, 2001 WL 1502554, at *1 (S.D.N.Y. Oct. 19, 2001).  Courts have this power "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Lewis v. Cavanaugh*, No. 10-CV-112, 2019 WL 340742, at *2 (D. Conn. Jan. 28, 2019), *aff'd sub nom. Lewis v. Cavanugh*, 821 F. App'x 64 (2d Cir. 2020).  "[S]uch dismissals may be made *sua sponte*" by the Court.  *See Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012).  "While [courts are] ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal."  *Koehl v. Bernstein*, 740 F.3d 860, 862-63 (2d Cir. 2014) (internal citations and quotations omitted) (noting that the "liberal *pro se* practice is a shield against the technical

3

requirements . . . not a sword with which to insult a trial judge" (internal citations and quotations omitted)); *see also Melendez v. City of New York*, No. 12-CV-9241, 2014 WL 6865697, at *2 (S.D.N.Y. Dec. 4, 2014) (collecting cases where courts have dismissed *pro se* plaintiffs' claims for failure to prosecute). To determine whether to dismiss for lack of prosecution, courts consider the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive.

*Zappin v. Doyle,* 756 F. App'x 110, 112 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)); *see also Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 177 (2d Cir. 2008); *Jefferson v. Rosenblatt*, No. 13-CV-5918, 2018 WL 3812441, at *3 (E.D.N.Y. Aug. 10, 2018). As discussed below, these five factors favor dismissal of this action.

First, plaintiff's inaction has caused undue delay in this case. In fact, since the time that plaintiff filed his amended complaint in January 2020, plaintiff has done nothing to prosecute this action. Further, plaintiff ignored the following court orders entered after plaintiff amended his complaint: Order dated September 27, 2021 scheduling the pre-motion conference for October 26, 2021; Order dated October 26, 2021 re-scheduling the pre-motion conference for November 5, 2021 after plaintiff failed to appear for the first pre-motion conference; and Order to Show Cause dated November 5, 2021 entered after plaintiff failed to appear for the second pre-motion conference. More than nine months have passed since defendant Harrison filed his pre-motion conference letter, and five months since plaintiff was ordered to show cause why this action should not be dismissed for failure to prosecute and failure to comply with court orders. The first factor -- the delay caused by plaintiff's inaction -- weighs in favor of dismissal. *See*

4

*Ruzsa*, 520 F.3d at 177-78 (upholding dismissal where party caused seven-month delay); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980) (upholding dismissal where party caused six-month delay).

Second, the Court's Orders dated October 26 and November 5, 2021 put plaintiff on notice that failure to comply with the court orders would result in dismissal. The second factor weighs in favor of dismissal.

Third, any further delay would prejudice defendant Harrison. He has the burden of defending this action and acknowledging that he is a defendant in a lawsuit as long as this case remains active. Defendant Harrison has an interest in having an open case against him closed where plaintiff has not taken any necessary steps to pursue the case. Further, if this case were to continue, defendant Harrison would have to undergo the burden and expense of preparing his motion to dismiss without knowing whether plaintiff would even respond to the motion. To the extent any prejudice to defendant could be avoided by holding any briefing on defendant's motion to dismiss in abeyance to give plaintiff an opportunity to re-appear, this would merely shift the burden of plaintiff's failure to pursue this action to the Court and inevitably would prevent the Court from managing its docket in a reasonable manner. The third factor weighs in favor of dismissal.

Fourth, the Court has a significant interest in managing its docket while giving plaintiff an opportunity to have his day in court. The Court already has held two conferences where plaintiff failed to appear, and ordered plaintiff to show cause why this case should not be dismissed. Plaintiff has repeatedly failed to appear for court conferences and ignored court orders. The Court has provided plaintiff ample opportunity to pursue this action, participate in these proceedings, and have his interests heard. This case is now three years old and plaintiff has not prosecuted his case nor complied with court orders. Plaintiff has chosen to squander multiple

5

chances to have his case heard. The fourth factor weighs in favor of dismissal.

Finally, plaintiff's repeated failure to comply with court orders warning him of the possibility of dismissal demonstrates that lesser sanctions would be ineffective. *See Jackson v. Mostofsky*, No. 19-CV-699, 2020 WL 3316018, at *2 (E.D.N.Y. June 18, 2020) (Matsumoto, J.) (holding that "no lesser sanction will be effective in moving this action forward" and that "[g]iven [P]laintiff's *in forma pauperis* status, [m]onetary sanctions cannot be relied on because the plaintiff is indigent" (citations and quotations omitted)); *see also Ruzsa*, 520 F.3d at 178 (holding that "it is . . . unclear that a 'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to district court's notice). Here, the Court previously granted plaintiff *in forma pauperis* status and this Court lacks confidence that any sanctions -- monetary or otherwise -- short of dismissal would compel plaintiff to re-appear in this action. The fifth factor weighs in favor of dismissal.

Under these circumstances, this Court respectfully recommends that the District Court dismiss the case with prejudice for lack of prosecution and failure to comply with court orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Jackson*, 2020 WL 3316018, at *2 (dismissing *pro se* complaint for failure to prosecute); *Reese v. Quay*, No. 18-CV-71, 2018 WL 4288636, at *2 (E.D.N.Y. Sept. 7, 2018) (Matsumoto, J.) (same); *see also Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (affirming dismissal of *pro se* complaint for failure to prosecute).

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs defendant's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to plaintiff at his last known address and to file proof of service on ECF by **May 2, 2022**. Any objections to the recommendations made in this Report must be filed with the Honorable Kiyo A. Matsumoto within 14 days after the

filing of this Report and Recommendation and, in any event, on or before **May 12, 2022**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

    **SO ORDERED**

Dated:  Brooklyn, New York
        April 28, 2022

                                            s/ James R. Cho
                                            James R. Cho
                                            United States Magistrate Judge